IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,408-01






EX PARTE BONIFACIO P. CORPUZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 94CR2068-83 IN THE 212TH DISTRICT COURT 

GALVESTON COUNTY




 Per curiam.


 O R D E R


 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art 11.07. 
Applicant was convicted of the offense of injury to a child and sentenced to confinement for
ten years. No direct appeal was taken.

 Applicant contends that when he pleaded no contest to injury to a child it was agreed
that he would not be required to register as a sex offender, but he contends that TDCJ-Parole
Division is nevertheless requiring him to register as a sex offender. In its response, the State
alleged that Applicant is no longer being required to register as a sex offender. There is no
affidavit from TDCJ-Parole Division in the application, however. The trial court has entered
an order concluding "that no controverted, previously unresolved facts or issues exist which
would entitled Applicant to relief . . . ." However, we disagree. Applicant has stated facts
requiring resolution. Because this Court cannot hear evidence, it is necessary for the matter
to be remanded to the trial court for resolution. This trial court shall resolve the factual issues
as set out in Tex. Code Crim. Proc. art 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from TDCJ-Parole Division, or it may hold a hearing. In the
appropriate case, the trial court may also rely on personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether it was agreed that Applicant would not be required to register as a sex offender
as a condition of his plea and, if there was no such condition, whether TDCJ-Parole Division
is requiring him to register as a sex offender. The trial court shall also make any further
findings of fact and conclusions of law it deems relevant and appropriate to the disposition
of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 169 Tex.Cr.R. 367,
334 S.W.2d 294 (Tex.Crim.App. 1960), this application for a post-conviction writ of habeas
corpus will be held in abeyance pending the trial court's compliance with this order. The
trial court shall resolve the issues presented within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits, the transcription of the court reporter's notes
from any interrogatories or hearings held, along with the trial court's findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this order. (2)


 IT IS SO ORDERED THIS THE 10TH DAY OF MAY, 2006.





 

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.